# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-081V
Filed: September 25, 2014

```
* * * * * * * * * * * * * * * * * * * * * * * *
MICHAEL PARKER RITTINER,              *
                                      *
                Petitioner,           *
                                      *
v.                                    *
                                      *
SECRETARY OF HEALTH                   *
        AND HUMAN SERVICES,           *
                                      *
                Respondent.           *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**UNPUBLISHED**

Special Master Hamilton-Fieldman

Petitioner's Motion for Dismissal
Decision; Insufficient Proof of
Causation; Vaccine Act Entitlement;
Influenza ("Flu") Vaccine; Fatigue,
Nausea, Loss of Appetite, Difficulty
Concentrating.

<u>Nancy Routh Meyers</u>, Ward Black Law, Greensboro, NC, for Petitioner.
<u>Jennifer Leigh Reynaud</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 30, 2013, Michael Parker Rittner filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 <u>et seq.</u> (2006) ("Vaccine Act"). Petitioner alleged that he suffered from fatigue, loss of appetite, difficulty concentrating, and nausea, and that this injury had been caused by the H1N1 vaccine received on December 17, 2009 and the Trivalent Influenza vaccine received on January 22, 2010.[2] Petition ("Pet") at 1-4.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] Under the Vaccine Act, a petition for vaccine compensation must contain documentation demonstrating that the vaccine injured person "received a vaccine set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa-11(c)(1)(A). The Vaccine Injury Table, located at 42 C.F.R. § 100.3(a), does not include the H1N1 vaccine, a monovalent influenza vaccine, only the trivalent seasonal influenza vaccine. 42 C.F.R. § 100.3(a). Therefore, the H1N1 vaccine is not covered under the Vaccine Injury Compensation Program. Claims of injury resulting from the H1N1

The information in the record does not show entitlement to an award under the Program.

On September 23, 2014, Petitioner filed a Motion for a Dismissal Decision.  Motion, ECF No. 19.  In this Motion, Petitioner indicates that after a thorough review of the records, "he will be unable to prove, despite the preparation and production of expert reports, that he is entitled to compensation in the Vaccine Program."  Motion, ECF No.19.  Petitioner further states that he has been advised by his counsel that a decision dismissing his petition will result in a judgment against him and will end all of his rights in the Vaccine Program.  Motion, ECF No. 19.

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See §§  300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that he suffered a "Table Injury."  Further, the record does not contain any other persuasive evidence indicating that his injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, both the medical records and the expert report are insufficient to establish entitlement to compensation.

Therefore, the only alternative remains to DENY this petition.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

vaccine are covered by the Countermeasures Injury Compensation Program**.**  *See* http://www.hrsa.gov/cicp/index.html.  However, Petitioner also alleged injury from the Trivalent Influenza vaccine, which is a covered vaccine.